IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:  PROGRESSION OF PRO SE CIVIL CASES ASSIGNED TO DISTRICT JUDGES AND THE DISCLOSURE AND CONFERENCE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26. | GENERAL ORDER<br><br>No. 2007–12 |

Pursuant to General Order No. 2007-09, various provisions of Federal Rule of Civil Procedure 26, the law more generally, and in my capacity as the supervising judge for pro se cases in the District of Nebraska,

IT IS ORDERED that:

1. Except as provided in paragraphs 3 and 4, effective immediately, all pro se civil cases (where the plaintiff is proceeding without a lawyer) that are assigned to a district judge for trial, whether filed by a prisoner or not, are herewith exempted from the *disclosure* and *conference* requirements of Federal Rule of Civil Procedure 26.  *See e.g.,* Fed. R. Civ. P. 26(a)(1)-(3) & (f).

2. In the future, it will *not* be the practice of the court to issue scheduling packets in pro se civil cases assigned to district judges.  Instead, it will be the practice to issue a progression order, addressing discovery and other issues, approximately 30 days after the last defendant has answered.  No discovery in pro se civil cases assigned to a district judge shall take place until such a progression order is entered unless permitted by the court.  Requests to engage in discovery prior to the issuance of a such an order must be made by motion.

3. This order pertains to pending and future cases *provided that in pending cases* where a scheduling order (or packet) or progression order has been previously issued, the parties shall abide by such scheduling or progression orders.

4. This order does not pertain to: criminal cases, cases involving a motion to return property pursuant to Federal Rule of Criminal Procedure 41, any type of forfeiture case, habeas corpus cases brought pursuant to 28 U.S.C. §§ 2241 or 2254, cases involving motions filed under 28 U.S.C. § 2255, cases challenging the imposition of the death penalty, bankruptcy cases or appeals, social security appeals, civil cases where the parties have consented to proceed before a magistrate judge and an order of reference has been entered, or cases where when one of the plaintiffs or one of the petitioners has retained counsel and counsel has entered an appearance or the court has appointed counsel for one of the plaintiffs or one of the petitioners.

August 6, 2007.                              BY THE COURT:

                                                        *s/Richard G. Kopf*
                                                        United States District Judge
                                                        and Supervising Pro Se Judge