IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATHER HASENBANK, | ) | 8:15CV88 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, CPS, | ) | |
| RYAN MARTIN, and DALE WEIS, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court for case management. For the reasons discussed below, the court will require Plaintiff Heather Hasenbank ("Hasenbank") to file a third amended complaint.

## I. BACKGROUND

    Hasenbank filed a complaint (Filing No. 4) on March 11, 2015, naming the State of Nebraska and "CPS" as the defendants. She generally alleged that CPS removed her children from her home without a court order. (*Id.* at CM/ECF pp. 2-3.) For relief, Hasenbank asked that she be allowed to sue the defendants. (*Id.* at CM/ECF p. 5.)

    Since filing her complaint, Hasenbank filed several supplements and amended complaints. On March 12, 2015, she filed a civil complaint form in which she, once again, named the State of Nebraska and CPS as the defendants and alleged that CPS removed her children from her home without a court order. (Filing No. 5.) For relief, she asked for $4.9 million. (*Id.* at CM/ECF p. 4.)

    On March 27, 2015, Hasenbank filed a supplement alleging CPS violated her Fourth Amendment rights when officials removed her children without a court order

and without exigent circumstances. (Filing No. 9.) She filed a second supplement on March 27, 2015, alleging CPS removed her children "because they thought [Hasenbank and her family] were going to move." (Filing No. 10.)

Finally, on May 11, 2015, Hasenbank filed an 18-page amended complaint. (Filing No. 11.) She named the State of Nebraska, CPS, Ryan Martin, and Dale Weis as the defendants. (*Id.* at CM/ECF p. 1.) All but the first page of the document appears to be excerpts from briefs Hasenbank filed in state appellate court proceedings, though it is clear she intended for the excerpts to serve as a part of her amended complaint. (*See id.* at CM/ECF pp. 2-18.) She argued that the state juvenile court erred when it adjudicated her minor children pursuant to Neb. Rev. Stat. § 43-247(3)(a),[1] that the State of Nebraska did not meet its burden of proof in the adjudication proceedings, and that the juvenile court erred in overruling objections to the testimony of a witness at trial. (*Id.* at CM/ECF pp. 2-18.) For relief, Hasenbank

---

[1]This section provides, in relevant part, that the juvenile court in each county shall have jurisdiction of:

> (3) Any juvenile (a) who is homeless or destitute, or without proper support through no fault of his or her parent, guardian, or custodian; who is abandoned by his or her parent, guardian, or custodian; who lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian; whose parent, guardian, or custodian neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such juvenile; whose parent, guardian, or custodian is unable to provide or neglects or refuses to provide special care made necessary by the mental condition of the juvenile; or who is in a situation or engages in an occupation, including prostitution, dangerous to life or limb or injurious to the health or morals of such juvenile(.)

Neb. Rev. Stat. § 43-247(3)(a).

asked for the court to reverse the decision of the juvenile court.[2] (*Id.* at CM/ECF p. 7.)

## II. DISCUSSION

Hasenbank's filing of supplements and amended complaints frustrates the court's ability to effectively manage and progress this case. In particular, it is unclear whether Hasenbank intended for her latest-filed amended complaint (Filing No. 11) to replace her previous pleadings. Hasenbank's latest-filed amended complaint does not set forth any constitutional claims, and it is unclear whether Hasenbank intended to abandon the Fourth Amendment claims she raised in previous complaints and supplements. The court will not undertake the task of sorting through Hasenbank's complaints and supplements in order to piece together Hasenbank's cause of action. While the court *may* consider amended pleadings as supplemental to an original pleading in pro se cases (*see* NECivR 15.1(b)), the court will no longer permit the piecemeal filing of supplements in this case.

In order to ensure a just and fair resolution of this case, Hasenbank is directed to file a *third* amended complaint that does the following:

---

[2]This court lacks jurisdiction over any challenge to the juvenile court's judgments in Hasenbank's state court case. Federal district courts are courts of original jurisdiction and *have no authority to review final judgments of a state court*. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (the jurisdiction of the federal district courts "is strictly original"); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

(1) identifies each defendant and clearly explains what each defendant did to Hasenbank, when the defendant did it, how the defendant's actions harmed her, and what specific legal right she believes the defendant violated;

(2) explains whether there are proceedings currently pending in Nebraska's state courts concerning the removal of Hasenbank's children from her home; and

(3) explains what relief Hasenbank seeks in this matter.

The third amended complaint must not incorporate any part of the original complaint, the amended complaints, or the supplements. The third amended complaint will supersede Hasenbank's prior pleadings in this matter. Hasenbank is encouraged to use the court-approved form to draft her third amended complaint, which the clerk of the court will provide to her. Hasenbank must clearly designate on the face of the document that it is the "Third Amended Complaint" in this case.

Plaintiff is *ordered not to file* any other document, aside from the one contemplated above without first obtaining leave of the court.

IT IS THEREFORE ORDERED that:

1. Hasenbank must file a third amended complaint within 30 days. Failure to file a third amended complaint in compliance with this Memorandum and Order will result in the court dismissing this action without prejudice and without further notice for failure to prosecute it.

2. Hasenbank is *ordered not to file* any document aside from the one contemplated above without first obtaining leave of the court.

3. The clerk of the court is directed to set the following pro se case management deadline: June 17, 2015: check for amended complaint.

4. The clerk of the court is directed to send to plaintiff a blank civil complaint form.

DATED this 18th day of May, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.