IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATHER HASENBANK, | ) | 8:15CV88 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, CPS, | ) | |
| RYAN MARTIN, and DALE WEIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its second pre-service screening of Plaintiff Heather Hasenbank's Complaint (Filing No. 4). In this pre-service screening, the court will consider the allegations raised in Hasenbank's Complaint and also those raised in her supplemental pleadings (Filing Nos. 5, 9, 10, 11, and 13). Liberally construed, Hasenbank alleged facts in her pleadings setting forth that Defendant Ryan Martin and others removed Hasenbank's children from her home on March 7, 2014, without a court order and in the absence of exigent circumstances. (*See* Filing No. 11 at CM/ECF pp. 11-12.) For relief, Hasenbank seeks $4.9 million. (Filing No. 13 at CM/ECF p. 5.) For the reasons that follow, the court will allow this action to proceed to service of process against Ryan Martin in his individual capacity and dismiss this action as to Hasenbank's claims against the State of Nebraska, CPS, and Dale Weis.

## I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

## II. DISCUSSION

The circumstances under which a child can be removed from his or her parents' custody without a court order are extremely limited. K.D. v. Cnty. of Crow Wing, 434 F.3d 1051, 1056 (8th Cir. 2006). In cases in which continued parental custody poses an imminent threat to the child's health or welfare, emergency removal of children without a court order is constitutionally permitted. *Id.* Here, Hasenbank alleged

Martin, a law enforcement officer, and other government officials went to Hasenbank's home and removed her children from her care and custody without a court order despite Hasenbank's insistence that they produce a warrant. Nothing in the pleadings suggests the children were in imminent danger. Thus, upon review of Hasenbank's pleadings, and in light of the liberal pleading standard afforded to pro se litigants, the court finds this action may proceed to service of process against Defendant Ryan Martin based on alleged violations of Hasenbank's Fourth and Fourteenth Amendment rights. The court cautions Hasenbank that this is only a preliminary determination based on the allegations in her Complaint and other pleadings; it is not a determination of the merits of the pleadings or any defenses that may be raised in response to the pleadings.

This matter may not proceed to service of process against Defendant Dale Weis because Hasenbank did not allege any specific acts committed by Weiss. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Because Hasenbank failed to allege that Weis was personally involved in violating her constitutional rights, she failed to state a claim upon which relief may be granted against him.

This matter may not proceed to service of process against the State of Nebraska or CPS[1] because the Eleventh Amendment to the United States Constitution provides

---

[1]The court can reasonably infer from Hasenbank's allegations that "CPS" refers to the Nebraska Department of Health and Human Services, the agency that employed the caseworker who, together with Defendant Ryan Martin, removed Hasenbank's children from her home. (*See* Filing No. 11 at CM/ECF pp. 8, 11-12.)

states, state agencies, and state officials acting in their official capacities with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. *See Hadley v. North Arkansas Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied*, 519 U.S. 1148 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply here where Hasenbank seeks monetary relief for past violations of federal law against the State of Nebraska and one of its agencies. *See Green v. Mansour*, 474 U.S. 64 (1985). For these reasons, the court will dismiss Hasenbank's claims against the State of Nebraska and CPS.

IT IS THEREFORE ORDERED that:

1. This matter may proceed to service of process against Ryan Martin in his individual capacity based on alleged violations of Hasenbank's Fourth and Fourteenth Amendment rights.

2. Hasenbank's claims against the State of Nebraska, CPS, and Dale Weis are dismissed.

3. The clerk of the court is directed to send to Hasenbank a copy of the Complaint, a copy of this Memorandum and Order, and one summons form and one USM 285 Form.

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Hasenbank is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4.  If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Hasenbank. In making such a request, Hasenbank must complete the USM 285 form to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons form and forward it to the Marshal for service on the defendant, together with a copy of the Complaint.

5.  The clerk of the court is directed to set a pro se case management deadline in this case with the following text: **December 14, 2015**: Check for completion of service of summons.

DATED this 12th day of August, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.